IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF JUSTIN ROBINSON** : <br> Through Personal Representative, : <br> Alicia R. Robinson : <br> 2633 Naylor Road, #204, SE : <br> Washington, DC 20020 : <br> : <br> AND : <br> : <br> **ALICIA R. ROBINSON, Individually** : <br> 2633 Naylor Road, #204, SE : <br> Washington, DC 20020 : <br> : <br> *Plaintiff,* : <br> : <br> vs. : <br> : <br> **THE DISTRICT OF COLUMBIA** : <br> **SERVE: Muriel Bowser** : <br> 1350 Pennsylvania Avenue, #406, NW : <br> Washington, DC 20004 : <br> : <br> **PAMELA A. SMITH,** : <br> **In her official capacity as Chief of Police** : <br> **For the Metropolitan Police Department** : <br> 441 4th Street NW : <br> Washington, DC 20001 : <br> : <br> AND : <br> : <br> **MPD Officer Vaso Mateus** : <br> **In his official capacity as Police Officer** : <br> **For the Metropolitan Police Department** : <br> 441 4th Street NW : <br> Washington, DC 20001 : <br> : <br> **MPD Officer Bryan Gilchrist** : <br> **In his official capacity as Police Officer** : <br> **For the Metropolitan Police Department** : <br> 441 4th Street NW : <br> Washington, DC 20001 : <br> : <br> *Defendants.* : | Case No.: _____ |

# COMPLAINT

Comes Now, the Plaintiffs, the Estate of Justin Robinson, through personal representative, Alicia R. Robinson, and Alicia R. Robinson through undersigned counsel, files this Complaint against, Defendants, the District of Columbia, PAMELA A. SMITH in her official capacity as Chief of Police for the Metropolitan Police Department, Officer Vaso Mateus in his official capacity as Police Officer for the Metropolitan Police Department, and Officer Bryan Gilchrist in his official capacity as Police Officer for the Metropolitan Police Department, in accordance with Title 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution and states as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 pursuant to 42 U.S.C. §1983 because the crux of the Plaintiff's claim arises under federal law and statute regarding the civil deprivation of the late Justin Robinson's (hereinafter "Mr. Robinson") constitutionally afforded and protected rights, herein now represented by the Plaintiffs, Estate of Justin Robinson (hereinafter "The Estate") and Alicia R. Robinson.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because (1) all events and omissions giving rise to the claims alleged herein occurred in the District of Columbia, (2) the named Defendants work within and for the District of Columbia, and (3) the Defendants have caused bodily injury and death in the District of Columbia by acts in the District of Columbia.

## PARTIES

3.      The Plaintiff, The Estate, represents Justin Robinson who was twenty-five (25) years of age, a citizen of the United States, and resident of the District of Columbia. The Plaintiff is the

victim of a deadly assault that occurred in the District of Columbia by the hands of Metropolitan Police Officers. Alicia R. Robinson is the Personal Representative of the Estate of Justin Robinson, District of Columbia Superior Court Case No. 2024-ADM-001466.

4. The Plaintiff, Alicia R. Robinson, individually (herein after "Plaintiff"), is the full age of majority, a citizen of the United States, and a resident of the District of Columbia. The Plaintiff is the mother of the deceased, Mr. Robinson.

5. Defendant, the District of Columbia, service to Mayor Muriel Bowser in her official capacity as Mayor, is the primary executive authority for the District of Columbia.

6. Defendant, PAMELA A. SMITH in his official capacity as Chief of Police is the primary law enforcement agency for the District of Columbia.

7. Defendant, Officer Vaso Mateus (hereinafter "Officer Mateus"), was, at all relevant times, employed by the Metropolitan Police Department within the District of Columbia.

8. Defendant, Officer Bryan Gilchrist (hereinafter "Officer Gilchrist"), was, at all relevant times, employed by the Metropolitan Police Department within the District of Columbia.

## STATEMENT OF FACTS

9. The Plaintiffs allege and support by evidence, facts against the Defendants herein that arise to the level of Fourth Amendment violations due to excessive force, wrongful death, gross negligence, and assault and battery that resulted in murder that was physically and emotionally traumatizing and violates any sense of human dignity within the District of Columbia (hereinafter the "District").

10. On or around September 1, 2024, Metropolitan police officers observed a white Mercedes Benz parked in a Southeast D.C. McDonald's drive-thru with Mr. Robinson asleep (or unconscious) in the driver's seat.

11.     Approximately eight (8) officers initially approached the vehicle. Two officers initially approached in their MPD vehicles and were ordered to park one vehicle approximately less than 2 inches from the front bumper of Mr. Robinson's vehicle and another MPD vehicle approximately less than 2 inches from the rear bumper of Mr. Robinson's vehicle. Ultimately barricading Mr. Robinson's vehicle from any motor vehicle escape within the unoccupied "Pay Here" section of the McDonald's drive-thru lane.

12.     During the officers initial retreat from the vehicle, the MPD officers spoke amongst themselves to devise a plan to detain the sleeping Mr. Robinson, search his vehicle for contraband, and gain entry to the vehicle.

13.     Meanwhile, Officer Mateus and Officer Gilchrist approached the driver's side door with their guns raised and fingers on the trigger. Then grabbed the door handled to open the door, but the driver's door was locked.

14.     Unable to open the driver's locked door, Officer Mateus reaches his firearm into the open driver's window and pointed his gun directly into the face of Mr. Robinson. Officer Gilchrist proceeded to do the exact same thing with his gun while officers on the scene approach.

15.     Mr. Robinson was startled out of his slumber and lacking full consciousness, reacted by placing his right hand up to his face and his left hand on the driver's door.

16.     Immediately thereafter, Officer Mateus and Officer Gilchrist discharged their service weapons, killing Mr. Robinson.

**COUNT I –
ESTATE V. MPD OFFICERS MATEUS AND OFFICER GILCHRIST
42 U.S.C. Section 1983
Fourth Amendment - Excessive Force**

17.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated

herein.

18. An action under 42 USC §1983 establishes that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. 42 U.S.C. §1983

19. To comply with a claim under §1983 two elements must be met. The first requires, facts and circumstances that allege the government's actions are so egregious as to deprive a citizen of their fundamental due process rights. The second element requires, facts and circumstances that suggest a custom or policy of the municipality caused this deprivation of fundamental rights. *See Collins v. City of Haker Heights,* 503 U.S. 115, 124 (1992) and *Baker v. District of Columbia,* 356 U.S. App. D.C. 47, 51 (2003).

20. The first element under a §1983 action is supported directly from the text of the Fourth Amendment of the United States Constitution. The Fourth Amendment provides an explicit textual source of the constitutional protection against excessive force, the guiding standard for a §1983 claim such as this is reasonableness. *See Graham v. Conner,* 490 U.S. 386, 395 (1989). The job of the court is to determine whether or not the actions of a defendant were objectively reasonable only. If the actions of the defendants are not objectively reasonable pursuant to the law, this question must be presented to a jury.

21. To determine whether or not the conduct of the officers were objectively reasonable the court must consider whether or not the application of [deadly] force was necessary as well as the relationship between the necessary amount of force and the amount of force that was actually used. *See Whitley v. Albers,* 475 U.S. 312 (1986).

22. The second element under a §1983 action is supported by an "affirmative link" between the actions of the defendants and any government policy or custom. The court acknowledges that there are many ways to satisfy the "affirmative link" prong of a §1983 analysis. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985) and *Baker v. District of Columbia,* 356 U.S. App. D.C. 47, 51 (2003).

23. At all times relevant Officer Mateus and Officer Gilchrist were employed by the Metropolitan Police Department operating within the District of Columbia as an officer and acted under color of State law and within the course and scope of his employment.

24. DC Code § 5–351.01 states that A law enforcement officer shall not use deadly force against a person unless: (1) The law enforcement officer actually and reasonably believes that deadly force is immediately necessary to protect the law enforcement officer or another person, other than the subject of the use of deadly force, from the threat of serious bodily injury or death; (2) The law enforcement officer's actions are reasonable, given the totality of the circumstances; and (3) All other options have been exhausted or do not reasonably lend themselves to the circumstances.

25. Here, the totality of the circumstances weighs in favor of violation of DC Code § 5–351.01. Mr. Robinson was minimally conscious and never attempted any acts of force towards Officer Mateus and Officer Gilchrist. Mr. Robinson was unconsciously unaware of even the presence of Officer Mateus and Officer Gilchrist and their loaded guns that were pointed directly in the face and back of Mr. Robinson while he was sleeping in his vehicle. Lastly, neither officer involved exhausted all other options available.

26. Officer Mateus and Officer Gilchrist failed to provide any reasonable amount of time for Mr. Robinson to comply with the commands while Mr. Robinson was minimally conscious and

asleep in the vehicle.

27. Officer Mateus and Officer Gilchrist were grossly negligent in their noncompliance of the Supervising Officer's command and using excessive deadly force against Mr. Robinson.

28. A reasonable jury could conclude that the unlawfulness of the Officer Mateus and Officer Gilchrist's actions was "clearly established at the time" that no reasonable officer could have believed in the lawfulness of his actions. There was a reasonable plan to shield MPD officers at the scene behind their vehicles. There was a reasonably plan to order Mr. Robinson safely out of his vehicle.

29. However, Officer Mateus and Officer Gilchrist ultimately breached their duty to Mr. Robinson to use only reasonable force necessary to calm down and de-escalate a situation or prevent grave bodily harm while acting under the DC Code § 5–351.01, MPD policies, their Supervising officer's orders, and the Fourth Amendment of the United States Constitution.

30. Clearly there is an affirmative link between the actions of the Officer Mateus and Officer Gilchrist and the government policy or custom of the Metropolitan Police Department. One clear affirmative link is the grossly negligent disregard to the protection of life and property in Southeast D.C. neighborhoods by MPD officers that was demonstrated by Officer Mateus and Officer Gilchrist and his unreasonably excessive use of force to deprive the minimally conscious Mr. Robinson of his constitutionally protected right to life and protections from unreasonable search and seizure under the Fourth Amendment. Shooting a citizen while he is minimally conscious is shocking and should be penalized with punitive damages.

31. Mr. Robinson had a right to be free from the use of excessive and unnecessary physical force to his person by the MPD. This right was denied to Mr. Robinson when Officer Mateus and Officer Gilchrist failed to comply with the Supervising Officer's plan to safely interact with Mr.

Robinson who was sleeping when officer's first approached. Mr. Robinson's Fourth Amendment right was further denied when subsequently, the "plan" recklessly changed during its execution and Mr. Robinson ended up murdered due to Officer Mateus and Officer Gilchrist defying the plan by approaching and breaching Mr. Robinson's driver window with their loaded guns and discharging their firearms into the head, neck, chest, and body of Mr. Robison in a matter of seconds after the command to "Back Off" the vehicle was echoed amongst officers at the scene.

32. The Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain of his person, his ability to be free from unlawful and unwelcomed abuse and attack by police, and his ability to live his life without summary punishment and abuse.

33. The Plaintiff was afforded less due process than was afforded under the law by Officer Mateus and Officer Gilchrist, who deprived Mr. Robinson of his right against illegal search and seizure as stated above.

34. Officer Mateus and Officer Gilchrist were deliberately indifferent and grossly negligent to Mr. Robinson's safety, his rights, and ultimately his life.

35. As a direct and proximate result of the aforesaid conduct, actions and inactions of Officer Mateus and Officer Gilchrist, Plaintiff was caused to suffer permanent physical injuries leading to death, mental anguish, humiliation, loss of enjoyment of life, inability to perform and do normal activities, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages, past and future earning capacity, all to the great detriment of the Plaintiff and his community.

Wherefore, Plaintiff demands judgment against Officer Mateus and Officer Gilchrist in the amount of $15,000,000.00.

## COUNT II – ALICIA R. ROBINSON V. METROPOLITAN POLICE OFFICERS MATEUS AND OFFICER GILCHRIST
**Wrongful Death**

36. The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

37. Within the District of Columbia, an action for Wrongful Death may be brought in the name of the personal representative of the deceased person within two (2) years after the death of the person injured. D.C. Code §16-2702.

38. A Wrongful Death action in the District is when, by injury, the death of a person is caused by the wrongful act, neglect, or default of a person's actions. D.C. Code §16-2701(a).

39. At all times relevant to this Complaint, Officer Mateus and Officer Gilchrist were employed by the Metropolitan Police Department as a police officer and acted under the color of law and within the scope, and course of their employment when dealing with Mr. Robinson within the District of Columbia.

40. Pursuant to 42 U.S.C. §1983 Defendants' actions wrongfully deprived Mr. Robinson of his liberty interest in his freedom and life without due process.

41. Defendants' actions were grossly negligent in causing the death of Mr. Robinson.

42. Officer Mateus and Officer Gilchrist operating under Metropolitan Police Department policy and noncompliance with Supervising Officer orders deprived Mr. Robinson of his rights by terminating his life without a reasonable basis to do so and thereby injuring him and depriving him of his liberty.

43. Prior to discharging his weapon upon Mr. Robinson, Officer Mateus and Officer Gilchrist negligently failed to comply with the devised plan of the Supervising Officer at the scene, and

negligently failed to provide any time for Mr. Robinson to gain more than minimal consciousness to comply with commands prior to discharging their firearms, killing Mr. Robinson.

44. Officer Mateus and Officer Gilchrist did not comply with their police trainings, DC Code § 5–351.01, and protocol pursuant to General Order 901.07 for the Metropolitan Police for the District of Columbia operating within the District of Columbia.

45. Pursuant to General Order 901.07, "Members shall not use deadly force against a person unless the member reasonably believes that deadly force is immediately necessary to protect the member or another person from the threat of serious bodily injury or death, the member's actions are reasonable given the totality of the circumstances, *and all other options have been exhausted or do not reasonably lend themselves to the circumstances… To the greatest extent possible, members shall ensure that the use of deadly force presents no substantial risk of injury to innocent persons. Members shall not discharge their weapon into a crowd, as a signal for help, or as a warning shot.*

46. DC Code § 5–351.01 states that a law enforcement officer shall not use deadly force against a person unless: (1) The law enforcement officer actually and reasonably believes that deadly force is immediately necessary to protect the law enforcement officer or another person, other than the subject of the use of deadly force, from the threat of serious bodily injury or death; (2) The law enforcement officer's actions are reasonable, given the totality of the circumstances; and (3) All other options have been exhausted or do not reasonably lend themselves to the circumstances.

47. Here, the totality of the circumstances weighs in favor of violation of DC Code § 5–351.01. Mr. Robinson was minimally conscious and never attempted any acts of force towards

Officer Mateus and Officer Gilchrist. Mr. Robinson was unconsciously unaware of even the presence of Officer Mateus and Officer Gilchrist and their loaded guns that were pointed directly in the face and back of Mr. Robinson while he was sleeping in his vehicle.

48. Officer Mateus and Officer Gilchrist deprived Mr. Robinson of his life by using excessive and unreasonable force when they shot him without any justifiable reason to do so.

49. Officer Mateus and Officer Gilchrist deprived Mr. Robinson of his life by using excessive and unreasonable force when they shot Mr. Robinson without proper warning, announcement or a reasonable time to comply, and when Officer Mateus and Officer Gilchrist failed to ensure the use of deadly presented no substantial risk of injury to the innocent Mr. Robinson, who was asleep and minimally conscious in his vehicle.

50. As a result of Mr. Robinson's wrongful death, Ms. Alicia R. Robinson has sustained pecuniary loss, economic damages in loss, mental anguish, emotional pain and suffering, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of life, loss of guidance, and loved one.

51. This Complaint is timely filed within two (2) years after the death of Mr. Robinson pursuant to D.C. Code § 16-2702.

WHEREFORE, Plaintiffs, pray for judgment against Officer Mateus and Officer Gilchrist in the amount of $15,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

### Count III – Estate v. Metropolitan Police Officer Mateus And Officer Gilchrist
### Gross Negligence

52. The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

53. In the District of Columbia to assert a claim for negligence there must be a legal duty, breach of that legal duty, and causation.

54. Gross negligence is defined as an extreme departure form the ordinary standard of care or the failure to exercise even slight care that would shock fair-minded men. See District of Columbia v. Walker, 689 A.2d 40, 44 (D.C. 1997).

55. DC Code § 5–351.01 states that a law enforcement officer shall not use deadly force against a person unless: (1) The law enforcement officer actually and reasonably believes that deadly force is immediately necessary to protect the law enforcement officer or another person, other than the subject of the use of deadly force, from the threat of serious bodily injury or death; (2) The law enforcement officer's actions are reasonable, given the totality of the circumstances; and (3) All other options have been exhausted or do not reasonably lend themselves to the circumstances.

56. General Order 901.07 establishes a legal duty for Members of Metropolitan Police Department to only deploy deadly force if it is immediately necessary to protect themselves or another person from serious bodily harm or death and the member's actions are reasonable given the totality of the circumstances, and all other options have been exhausted or do not reasonably lend themselves to the circumstances.

57. Officer Mateus and Officer Gilchrist while engaging with the public in their role as officers acted grossly negligently when they decided to use deadly and excessive force against Mr. Robinson while he was minimally conscious. Officer Mateus and Officer Gilchrist were not acting from the state of mind of a reasonable officer.

58. Officer Mateus and Officer Gilchrist negligently discharged their firearm without properly assessing the situation.

59. Officer Mateus and Officer Gilchrist failed to conduct themselves in a dutiful manner to refrain from the use of unnecessary and wanton force when imprisoning a civilian suspect without any evidence of criminal conduct or criminal intent.

60. Officer Mateus and Officer Gilchrist failed to exhaust all other options given the severity and totality of the circumstances causing the death of Mr. Robinson.

61. Officer Mateus and Officer Gilchrist's conduct grossly deviated from his legal duty and standard of care for a reasonable prudent police officer when Officer Mateus and Officer Gilchrist breached Mr. Robinson's vehicle with their firearms without warning, and discharged their firearms without providing any time for the minimally conscious Mr. Robinson to comply to any commands given.

62. Mr. Robinson was not protected by officers acting within the District on September 1, 2024, but was rather victimized and murdered at the hands of the people who should have been there to safeguard his health and to protect him from injury.

63. Officer Mateus and Officer Gilchrist's actions were the proximate and actual cause of the death of Mr. Robinson, as they were the only two Metropolitan Police Department officers who discharged a weapon.

64. As a result of Officer Mateus and Officer Gilchrist's actions being grossly below the standard of care the Estate is entitled to damages including but not limited to pain and suffering, emotional suffering, compensatory damages, and punitive damages.

WHEREFORE, the Plaintiffs pray for judgment against Officer Mateus and Officer Gilchrist, jointly and severally in the amount of $15,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

## COUNT IV - ESTATE V. METROPOLITAN POLICE OFFICER MATEUS AND OFFICER GILCHRIST
**Assault & Battery**

65. The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

66. Pursuant to §22-404 any person who intentionally, knowingly, or recklessly causes bodily injury to another has committed simple assault.

67. DC Code § 5–351.01 states that A law enforcement officer shall not use deadly force against a person unless: (1) The law enforcement officer actually and reasonably believes that deadly force is immediately necessary to protect the law enforcement officer or another person, other than the subject of the use of deadly force, from the threat of serious bodily injury or death; (2) The law enforcement officer's actions are reasonable, given the totality of the circumstances; and (3) All other options have been exhausted or do not reasonably lend themselves to the circumstances.

68. Officer Mateus and Officer Gilchrist purposely, knowingly, and recklessly fired their weapons hitting Mr. Robinson in the head, neck, chest, and body more than ten (10) times.

69. As a result of Officer Mateus and Officer Gilchrist's reckless conduct, the Plaintiff is entitled to damages including, but not limited to pain and suffering, emotional suffering, compensatory damages, and punitive damages.

WHEREFORE, The Estate of Justin Robinson through its personal representative, prays for judgment against Officer Mateus and Officer Gilchrist in the amount of $15,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

## COUNT V - ESTATE V. METROPOLITAN POLICE OFFICER MATEUS AND OFFICER GILCHRIST
**Survival Action**

70. The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

71. Alicia R. Robinson, as the mother of Justin Robinson and personal representative of the Estate of Justin Robinson, brings a survival action pursuant to D.C. Code §12-101 and brings claim for the conscious pain, suffering, anguish, reasonable and necessary medical expenses, inconvenience and discomfort, the amount of money that Plaintiff's decedent would have accumulated over the normal expected life time, and other economic and non-economic expenses, losses and damages sustained by Plaintiff's decedent, as allowed, under the D.C. Code §21-101.

72. As a direct and proximate result of gross negligence and excessive force of Officer Mateus and Officer Gilchrist as set forth herein this Complaint and for which Justin Robinson would have been able to maintain an action against the Defendants had he lived. Mr. Robinson sustain pain prior to suffering his death on September 1, 2024.

73. At all relevant times, the officer was employed by Metropolitan Police Department operating within the District of Columbia and acted under color of state law and within the course and scope of his employment.

74. Through their officers, the Metropolitan Police Department Police officers deprived Mr. Robinson of his life by using excessive and unreasonable deadly force.

75. Officer Mateus and Officer Gilchrist's reckless actions, were the cause of Mr. Robinson suffering permanent physical injuries leading to death, mental anguish, humiliation, loss of enjoyment of life, inability to perform and do normal activities, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages, past and future earning capacity, all to the great detriment of the Plaintiff.

Wherefore, Plaintiffs demand judgment jointly and severally against Officer Mateus and Officer Gilchrist in the amount of $15,000,000.00.

## JURY DEMAND

Plaintiff, through counsel, requests a trial by jury as to all counts so triable.

PLAINIFFS<br>
By Counsel

Date: August 7, 2025

Respectfully Submitted,

*/s/ Andrew O. Clarke*
Andrew O. Clarke, Esquire
DC Bar No.: 1032649
DISTRICT LEGAL GROUP, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202)780-9144
E: aclarke@districtlegalgroup.com
*Counsel for Plaintiffs*